IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Lee West,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro; Arizona Attorney General,<br><br>    Respondents. | No. CIV 07-0009-PHX-FJM (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, U.S. DISTRICT JUDGE:

    Benjamin West filed a petition for writ of habeas corpus, challenging his conviction in Maricopa County Superior Court for first degree murder, and the trial court's imposition of life imprisonment without parole for 25 years. He contends that trial counsel was ineffective by failing to (1) timely notify West that the State had offered a plea agreement, (2) object to an erroneous jury instruction, (3) raise an issue regarding a lesser-included offense of involuntary manslaughter, and (4) subject the prosecution to a meaningful adversarial challenge at all phases of the trial. He also argues that the trial court committed fundamental error in its premeditation instruction to the jury. Respondents contend that West's petition is untimely, and in the alternative, that he has procedurally defaulted his claims. The Court finds the petition is timely filed, but agrees that West's grounds are procedurally defaulted, and therefore recommends that the petition be denied and dismissed with prejudice.

**BACKGROUND**

The evidence supporting West's conviction is summarized in the court of appeals' memorandum decision:

> West lived in an apartment with Kevin Fuller, Emmanuel Fuller ("Fuller") and Verick Gray ("Gray"). On the evening of the offense, West, Fuller and Gray went out to celebrate Fuller's birthday. The trio started drinking at the apartment and eventually went to a social club in Mesa.
>
> Once inside the club, the three separated. At some point in the evening while at the club, Gray could not locate West and Fuller. A club employee told Gray the other two had left the club and were not allowed back. Gray left the club and noticed that his vehicle was missing. West then drove Gray's vehicle into the parking lot and told Gray to get into it so that they could leave as someone had been shooting at them. Gray noticed that West and Fuller were arguing, and that West was holding a gun.
>
> The argument between West and Fuller was ongoing when Fuller told Gray to drop him off at his girlfriend's apartment. Gray asked them to stop fighting but they continued. When they reached the apartment, Fuller went inside and then quickly returned to the vehicle and asked to be taken to a nearby gas station. Gray drove to the gas station while West and Fuller continued to argue.
>
> West was still holding the gun when they returned to the parking lot outside of the apartment. Gray again asked the other two to stop arguing. Fuller then asked West if he was going to "smoke him." West immediately exited the vehicle and told Fuller to do the same. Gray stepped out of the vehicle and attempted to stop the altercation by standing in the line of fire. West demanded Gray move out of the way. When he did, West began shooting at Fuller, the bullets striking him several times. Fuller asked West to "chill out." West fired again and Fuller fell. West walked over to Fuller's body and shot him in the head from close range before he and Gray drove off.
>
> A witness called police and West was arrested. Fuller's autopsy showed that he had been shot several times and had died as a result of four to seven gunshot wounds.

(Doc. #11, Exh V, memorandum decision at 2-3).

On direct review, West argued that the trial court committed fundamental error by giving a premeditation instruction disapproved in *State v. Thompson*, 204 Ariz. 471 (2003). The court of appeals affirmed his conviction, conceding that the instruction was incorrect, but finding the error harmless beyond a reasonable doubt (*Id*. at 4-6). The supreme court denied review (Doc. #11, Exh Y). West filed a timely Notice of Post-Conviction Relief, and a subsequent petition alleging ineffective assistance of counsel as a result of counsel's failure to communicate a plea offer of second-degree murder. Following an October 14 evidentiary

1 hearing, the trial court took the matter under advisement, and on December 6, 2005, denied
2 West's petition, finding that West was not denied effective assistance of counsel because the
3 testimony from both the prosecutor and defense counsel verified that the only offer extended
4 was a plea to first-degree murder with a stipulated sentence of life in prison with the
5 possibility of parole after 25 years (*Id*., Exh AA-II). West did not file a petition for review.
6 His federal petition was signed on December 5, 2006, and file stamped with the District
7 Court on January 3, 2007.

## TIMELINESS OF THE PETITION

West was required to file his federal petition within 1 year of the date the judgment of conviction became final in state court. *See* 28 U.S.C. § 2244(d). West's case became final on direct review on November 15, 2004, the date upon which the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *See* 2244(d)(2).

West's post-conviction petition was pending until it was dismissed by the trial court on December 6, 2005. Although the minute entry was filed on December 6, it was entered in the clerk's minutes on November 28, 2005. Respondents assert that the earlier date is the date of the final ruling. The Court disagrees. In criminal proceedings, to avoid delay, *judgments* are complete when orally pronounced and entered in court minutes, and not on the later date of filing. *Sims v. Ryan*, 181 Ariz. 330, 331 (App. 1995). In Maricopa County, under-advisement minute entry orders are by definition "not orally pronounced," often resulting in a gap of time between the time of entry in the clerk's minutes, and the later date of filing. It would thus appear that the latter date of December 6, 2005, should control in this case. The Arizona Supreme Court reached the same conclusion in a case involving a very limited time to appeal from a termination of parental rights in a juvenile proceeding (15 days). *See Matter of Maricopa County, Juvenile Action No. JS-8441*, 174 Ariz. 341, 342-43

(1992). The Court has been provided no authority for not applying this same rule to the date of a criminal post-conviction ruling. Indeed, the State does not even bring this issue to the Court's attention, but instead merely states that the date of the ruling was November 28. The Court finds that the one-year period of limitations began to run on December 7, 2005. West's petition, filed on December 5, 2006,[1] is therefore timely.

## EXHAUSTION OF REMEDIES

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are available in state court, then the federal court

---

[1] Under the "prison mailbox rule," a filing is deemed "filed" when handed by the prisoner to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). *See also Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying "mailbox rule" to a habeas petition).

- 4 -

1 may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.*
2 However, if the court finds that the petitioner would have no state remedy were he to return
3 to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489
4 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal
5 court may decline to consider these claims unless the petitioner can demonstrate that a
6 miscarriage of justice would result, or establish cause for his noncompliance and actual
7 prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S.
8 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*,
9 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

10 Further, a procedural default may occur when a Petitioner raises a claim in state court,
11 but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S.
12 at 730-31. In such cases, federal habeas review is precluded if the state court opinion
13 contains a plain statement clearly and expressly relying on a procedural ground "that is both
14 'independent' of the merits of the federal claim and an 'adequate' basis for the court's
15 decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent"
16 unless application of the bar depends on an antecedent ruling on the merits of the federal
17 claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856
18 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'"
19 *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255,
20 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state
21 court pursuant to an independent and adequate state procedural rule, just as in cases
22 involving defaulted claims that were not fairly presented, federal habeas review of the claims
23 is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual
24 prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

## DISCUSSION

27 In his first ground, West alleges ineffective assistance of counsel, as he did in his state
28 post-conviction proceedings. In the state proceedings, his argument was limited to trial

- 5 -

1  counsel's failure to timely inform West of a plea offer to second-degree murder. In his
2  federal petition, he also alleges that trial counsel failed to (1) object to an erroneous
3  instruction defining reasonable doubt; (2) raise an issue regarding the lesser-included offense
4  of involuntary manslaughter and (3) "subject [the] prosecution to meaningful adversarial
5  challenge." West's failure to raise these three additional claims of ineffective assistance in
6  his post-conviction proceedings means he has not "fairly presented" these claims in state
7  court. *Swoopes*. In addition, because he did not petition the court of appeals for review of
8  the trial court's denial of the only ineffective assistance claim that he did raise in his post-
9  conviction petition, he did not "fairly present his claims to the state's highest court."
10 *O'Sullivan*. Finally, a return to state court would be futile, because the trial court would rule
11 them precluded as not properly presented and/or reviewed during his first Rule 32
12 proceedings. *Teague*.

13        In his second ground, West argues, as he did on appeal, that the trial court committed
14 fundamental error by giving a premeditation instruction disapproved in *State v. Thompson*.
15 Respondents argue that he did not raise this argument on appeal as a federal claim. The
16 Court acknowledges that a state court is not required to "read beyond the petition or brief in
17 that court which does not alert it to the presence of a federal claim." *Baldwin v. Reese*, 541
18 U.S. 27, 33 (2004). However, the state court undoubtedly was alerted to the presence of a
19 federal claim by the citation to *State v. Thompson*, where the defendant claimed that the
20 instruction was unconstitutionally vague, in violation of the Due Process Clause of the
21 Fourteenth Amendment to the United States Constitution. "[F]or purposes of exhaustion, a
22 citation to a state case analyzing a federal constitutional issue serves the same purpose as a
23 citation to a federal case analyzing such an issue." *See Peterson v. Lampert*, 319 F.3d 1153,
24 1158 (9th Cir. 2003). In any event, the claim is without merit. Quoting from *Chapman v.*
25 *California*,[2] the court of appeals found the instruction harmless error, concluding that "no
26 reasonable jury could have found other than that West actually reflected on his decision to

27
28        [2] 386 U.S. 18, 24 (1986).

- 6 -

kill Fuller, and we therefore conclude beyond a reasonable doubt that the error in the jury instruction did not affect this verdict." *See Doc*. #11, Exh V at 7.  The state court's determination was not contrary to or an unreasonable application of clearly established Federal law.  *See* 28 U.S.C. § 2254(d)(1).

**IT IS THEREFORE RECOMMENDED** that Benjamin Lee West's petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 11th day of September, 2007.

_____
David K. Duncan
United States Magistrate Judge